Michelle LUDLAM, individually, and
Michelle Ludlam as guardian for
Ariel Starr Ludlam, Plaintiff,

v.

COFFEE COUNTY and Mickey Counts,
individually.   Defendants.

Civil Action No. 96–D–1236–S.

United States District Court,
M.D. Alabama,
Southern Division.

Jan. 27, 1998.

Kenneth C. Sheets, Dothan, AL, for Plaintiff.

Gary C. Sherrer, Dothan, AL, Kenneth E. Webb, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Defendant James M. Counts' ("Counts") Motion for Summary Judgment, and Defendant Coffee County, Alabama's ("Coffee County") Motion for Summary Judgment, both filed December 8, 1997.  Plaintiff responded by filing a Motion to Deny Summary Judgment of Defendant James M. Counts and a Motion to Deny Summary Judgment of Defendant Coffee

County, Alabama, and briefs in support thereof, on January 21, 1998. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendants' Motions for Summary Judgment are due to be granted. Further, the court finds that Plaintiff's Motions to Deny Defendants' Motions for Summary Judgment are due to be denied.

## JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The parties do not contest personal jurisdiction or venue.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden or informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita,* 475 U.S. at 587; *see also Anderson,* 477 U.S. at 249.

## STATEMENT OF FACTS

Plaintiff Michelle Ludlam ("Plaintiff") filed this action on August 8, 1996, on behalf of herself and her minor child Ariel Starr Ludlam ("Ariel"). She brings this action under 42 U.S.C. § 1983, claiming that Defendants Coffee County and then-Sheriff Mickey Counts violated her and her child's rights under the Fourteenth Amendment to the United States Constitution. Plaintiff's claims arise from her treatment by Defendants during her incarceration at the Coffee County Jail during August and September of 1994.

On or about August 8, 1994, Plaintiff was arrested on a warrant and was taken into

custody by the Henry County Sheriff's Department to await trial. At the time of her arrest and subsequent incarceration, Plaintiff was pregnant with her minor child Ariel. Plaintiff informed the Henry County Sheriff's Department that she had been experiencing a difficult pregnancy with occasional vaginal hemorrhaging. In response, the Henry County Sheriff's Department transported Plaintiff to a hospital, where she was diagnosed with vaginal bleeding and as having experienced a threatened miscarriage. Plaintiff was then transported by Henry County Sheriff's Department to Coffee County Sheriff's Department.

While she was at the Coffee County jail, Plaintiff again experienced difficulties associated with her pregnancy. She notified jailers on duty and was taken to a physician who advised Plaintiff to see an obstetrician/gynecologist ("OB/GYN") as soon as possible. Plaintiff claims, however, that the physician's advice was disregarded by the Coffee County Sheriff's Department and that she was never taken to an OB/GYN for examination. She also claims that the Coffee County Jail lacked proper sanitary facilities, "needed supplements,"[1] and medicine. Immediately upon her release from the Coffee County Jail on or about October 18, 1995, Plaintiff sought medical treatment for the problems she was experiencing as a result of her pregnancy.

Plaintiff gave birth to Ariel on January 23, 1996. Plaintiff contends that because Defendants failed to provide her with appropriate medical treatment, Ariel has experienced diminished weight, limited development, excessive medical problems, and pain and suffering. Plaintiff has incurred excessive medical costs in the treatment of her child. Moreover, Plaintiff contends that due to Coffee County Sheriff Department's inadequate medical treatment, she has suffered extreme anxiety, mental anguish and distress before and after the birth of Ariel, as well as difficulties during the course of Ariel's delivery.

Specifically, Plaintiff claims that Defendant Coffee County violated her constitutional rights as a pretrial detainee by its failure to properly train, discipline, and supervise its officers in the proper operation of their jail facilities, resulting in inadequate jail facilities and inadequate medical services. She further alleges that Coffee County delegated its policy-making authority to Defendant Sheriff Mickey Counts, and that Defendant Counts himself violated her constitutional rights by his failure to properly train, discipline, and supervise his officers in the proper operation of the jail facility, resulting in inadequate jail facilities and medical services. Plaintiff contends that each Defendant knew or should have known of the deliberate and/or intentional misconduct of the officers in the improper operation of the jail facilities.[2]

Defendants now move for summary judgment of this action, based on the fact that Plaintiff has failed to establish a prima facie case under 42 U.S.C. § 1983 by failing to prove that her constitutional rights have been violated. In addition, Defendant Coffee County argues that summary judgment is due to be granted in its favor, because, under controlling principles of Alabama law, sheriffs are state officials whose actions cannot form the basis of county liability under 42 U.S.C. § 1983. Further, Defendant Counts argues that summary judgment is due to be

---

1. It is unclear from Plaintiff's Complaint whether she is referring to dietary supplements or some other type of supplement.

2. Plaintiff originally brought this action against both Henry and Coffee Counties and Sheriff Armstrong of Henry County and Sheriff Counts of Coffee County, in both their official and individual capacities. In her original Complaint, Plaintiff brought federal constitutional claims as well as state law claims. In a June 20, 1997 Memorandum Opinion and Order, the court dismissed all claims against Henry County and Sheriff Armstrong, as well as all claims against Sheriff Counts in both his official and individual capacity, and all state claims against both Coffee County and Sheriff Counts. The court also allowed Plaintiff leave to amend her Complaint to conform with the heightened pleading standards set forth by the court for stating a claim against Defendant Counts in his individual capacity. Plaintiff filed an Amended Complaint on July 10, 1997. On August 19, 1997, the court denied Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Accordingly, reading the court's denial of the Motion to Dismiss Amended Complaint in conjunction with its June 20, 1997 Memorandum Opinion and Order, the only claims remaining in this action are Plaintiff's constitutional claims against Coffee County and Counts in his individual capacity.

granted in his favor, as he is entitled to qualified immunity.

## DISCUSSION

Section 1983 of Title 42 of the United States Code creates a mechanism for recovering monetary damages from and securing injunctive relief against governmental actors and entities whose action(s) under color of state or local law deprive a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes. Plaintiff brings her claims under 42 U.S.C. § 1983, alleging that her constitutional rights were violated. Section 1983 itself creates no substantive rights; rather, it provides a remedy for deprivation of federal rights established elsewhere. *See Barfield,* 883 F.2d at 934. Thus, the court must determine whether Plaintiff has asserted a cognizable claim under § 1983. *See Jordan v. Doe,* 38 F.3d 1559, 1564 (11th Cir.1994).

The initial inquiry in any § 1983 action must focus on whether the two essential elements of a § 1983 action are present, namely: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution, or laws of the United States. *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir.1992).

█ In the instant action, Plaintiff has specifically alleged that Defendants violated her rights as a pretrial detainee by failing to provide her with adequate medical treatment which amounted to cruel and unusual punishment. The Eighth Amendment, made applicable to the states through the Fourteenth Amendment, prohibits cruel and unusual punishment of convicted prisoners, including indifference to prisoners' medical needs. *Mandel v. Doe,* 888 F.2d 783, 787 (11th Cir.1989)(quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The Fourteenth Amendment provides similar protection for pretrial detainees. *See Graham v. Connor,* 490 U.S. 386, 396 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment ... [whereas] [a]fter conviction, the Eighth Amendment serves as the primary sources of

substantive protection ...."). The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the [D]ue [P]rocess [C]lause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir.1994)(quoting *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir.1985)).

█ As the court found in its June 20, 1997 Memorandum Opinion and Order, it is well settled that "the state has a constitutional obligation to provide adequate medical care to those whom it has incarcerated," and, therefore, that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Mandel,* 888 F.2d at 788. However, "not 'every claim by a prisoner that [s]he has not received adequate medical treatment states a [constitutional] violation.' Mere negligence or medical malpractice is not sufficient." *Id.* at 787–88 (quoting *Estelle,* 429 U.S. at 105); *see also Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Accordingly, for Plaintiff to state a constitutional violation, she must allege that she was suffering a serious illness and that Defendants' responses to that serious illness amounted to deliberate indifference to Plaintiff's condition. *Mandel,* 888 F.2d at 788 (citing *West v. Keve,* 571 F.2d 158, 161 (3rd Cir.1978)(describing two-pronged deliberate-indifference test)).

### A. *Claim against Defendant Counts*

Here, Plaintiff does not allege that Counts personally responded to Plaintiff's medical condition in a deliberately indifferent manner. Rather, Plaintiff alleges that Counts adopted customs, policies, practices or procedures which caused her injuries, as well as failed to properly train, discipline, and supervise Coffee County Jail officers in the proper operation of the jail facility, resulting in inadequate jail facilities and inadequate medical services. (Amended Compl. ¶ 27.) Additionally, Plaintiff alleges that Counts "failed to discipline [his] officers after numerous complaints for the same improper operation of the prison facility, causing the failure of its

individual officers to maintain adequate conditions at said prison facility and the failure to provide needed medical services when needed by inmates at said facility." (Amended Compl. ¶ 27.) Plaintiff further contends that Counts knew or should have known of the deliberate and/or intentional misconduct of the officers in the improper operation of the jail facilities. (Amended Compl. ¶ 27.)

■ Where a plaintiff does not allege that a defendant personally participated in alleged constitutional deprivations, the plaintiff must establish an affirmative causal connection between the act or omission complained of and the alleged constitutional deprivations in order to sustain a § 1983 cause of action against the defendant. *Swint v. City of Wadley,* 51 F.3d 988 (11th Cir.1995). *See also Bailey v. Board of County Commissioners of Alachua County,* 956 F.2d 1112, 1124 (11th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992). Thus, for Defendant Counts, as Sheriff and supervisor of the Coffee County Jail, to be liable for the Coffee County Jail officers' alleged unconstitutional actions, his liability must be based on something more than the theory of respondeat superior. *Braddy v. Florida Dep't of Labor and Employment Sec.,* 133 F.3d 797, 801 (11th Cir.1998).

In some situations, the requisite casual connection may be established by alleging, and supervisors may be held liable for, failure to train and supervise their subordinates adequately. *Dolihite v. Maughon,* 74 F.3d 1027, 1052 (11th Cir.1996). Furthermore, "[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the deprivation, and he fails to do so." *Id.* (quoting *Cross v. State of Alabama Dep't of Mental Health and Mental Retardation,* 49 F.3d 1490, 1508 (11th Cir.1995)); *see also Greason v. Kemp,* 891 F.2d 829, 837 n. 18 (11th Cir.1990); *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir.1990)(holding that "causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"), *cert. denied,* 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). "The inquiry into causation must be a directed one, focusing on the duties and responsibilities of

each ... individual defendant[] whose acts or omissions are alleged to have resulted in a constitutional deprivation." *Williams v. Bennett,* 689 F.2d 1370, 1381 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). *See also Swint v. City of Wadley,* 5 F.3d 1435, 1446–47 (11th Cir.1993)(finding liability where sheriff was on notice of prior similar incident, thus inferring notice), *vacated* 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)(vacated for lack of jurisdiction); *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir.1991)(holding supervisory liability existed where sheriff failed to establish policies regarding accurate identification of suspects and where sheriff knew of prior instances of mistaken identity); *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1557 (11th Cir.1989)(holding that supervisory liability might exist where police chief was on notice that canine unit was operating in unacceptable manner but failed to take remedial action).

In its August 19, 1997 Order denying Defendants' Motion to Dismiss Plaintiff's Amended Complaint, this court found that Plaintiff's Amended Complaint sufficiently alleged the requisite causal connection between Count's supervisory conduct over his subordinates (i.e., officials within the Coffee County Jail) and the constitutional deprivations alleged by Plaintiff to survive Defendants' Motion to Dismiss. The court now finds, however, that this claim does not survive Defendants' Motions for Summary Judgment, as Plaintiff fails to provide any support to substantiate this casual connection.

■ The record in this case is scant. The Uniform Scheduling Order entered in this case on June 20, 1997, originally set the deadline for conducting discovery at January 7, 1998. On October 24, 1997, the court entered an Order extending the deadline for discovery to February 2, 1998. Nevertheless, the record contains no evidence, save three brief affidavits. Defendants have filed the affidavit of Wilson Mobely, who serves as the County Administrator for Coffee County and is involved in "all aspects" of the administration of the county in which the Coffee County Commission is involved, stating that the Coffee County Commission was neither responsible for the operations of the Coffee

County Jail, nor was it aware of any failure of the Jail to provide Plaintiff with medical treatment. (Affidavit of Wilson Mobely ¶¶ 2, 3, 5.) Defendants have also filed the affidavit of James Michael Counts, Defendant in this action. In said affidavit, Counts states that, during his term as Sheriff. Zack Ennis served as the jail administrator in Coffee County, and, in his capacity as jail administrator, Ennis oversaw the day-to-day operations and maintenance of the jail, as well as was in charge of providing all necessary medical attention to inmates. (Affidavit of James Michael Counts ("Counts' Affid.") ¶ 3.) Counts states that he had no daily contact with inmates unless requested to do so by Ennis or an inmate. (*Id.*) Further, Counts states that at the time he served as Sheriff, it was the policy of Coffee County jail to provide access to appropriate health care services to all inmates for their physical and emotional well-being. (*Id.* ¶ 4.) In an emergency situation, it was the policy to arrange for medical services without delay. (*Id.*) Counts further states that during his time as Sheriff, he never received any request, either written or verbal, from Plaintiff regarding any medical condition from which she suffered, any complaints about denial of medical attention or any aspect of her incarceration. (*Id.* ¶ 5.) Counts states that, had he received any correspondence or grievance from Plaintiff, he would have spoken with Ennis to investigate the matter. (*Id.* ¶ 5.)

The only evidence submitted in support of Plaintiff's claims is a copy of an affidavit signed by Plaintiff in March 1997. The affidavit states, in part, the following:

3. I was injured and caused to have great pain and suffering during my confinement at the Coffee County Jail. I was pregnant during the time of my confinement. I was informed by a physician at Southeast Medical Center that I was threatening to miscarriage. I complained to my jailers on a daily basis about my pain, cramping and spotting. I filled out at least 10 written requests to see a physician.

4. Upon my request to see a physician, the question was raised as to who would be responsible for the cost of the medical treatment. I was informed that Coffee County did not feel responsible for the cost because I was originally arrested and transported to the Coffee County facility by Henry County deputies ...

5. Additionally, my mother informed me that she contacted both Henry County Sheriff's Office and the Coffee County Jail to find out if any treatment had been provided or when I would be taken to a physician. They informed her that I had not gotten treatment and they did not know when I would receive any treatment.

6. I did not receive any treatment for my problems related to my pregnancy until the day of my release.

(Affidavit of Michelle Ludlam, attached to Mem. Br. in Supp. of Opp. for Summ. J. of Def. James M. Counts.)

Even viewing this scant record in a light most favorable to the Plaintiff, the court finds that Plaintiff fails to establish Counts' supervisory liability for the alleged constitutional deprivation she suffered while a pretrial detainee in the Coffee County Jail. Counts' affidavit clearly refutes the allegations contained in Paragraph of Plaintiff's Amended Complaint. Federal Rule of Civil Procedure 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered the adverse party.

Fed.R.Civ.P. 56(e).[3]

Based on this standard, the court finds that Plaintiff has failed to proffer any sup-

**3.** The Rule further provides, however, that: Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essen-

tial to justify the party's position, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or dis-

port for her allegations. Specifically, Plaintiff offers no evidence to counter Counts' affidavit statement that he had no personal involvement in the alleged deprivation of Plaintiff's medical treatment. (Counts' Affid. ¶¶ 3, 5.) Nor does Plaintiff offer any evidence to counter Counts' affidavit that the policy of Coffee County Jail at the time he served as Sheriff was to provide access to appropriate health care service to all inmates. (*Id.* ¶ 4.) Finally, Plaintiff offers no evidence to counter Counts' affidavit that he never received any request from Plaintiff regarding any medical condition from which she suffered, nor did he know of any inmate ever being denied medical attention at the Coffee County Jail. (*Id.* ¶¶ 4, 5.) Thus, other than the allegations contained in Plaintiff's amended Complaint, the court finds nothing in the record to establish the requisite causal connection between Counts and the alleged constitutional deprivation. Accordingly, the court finds that summary judgment is due to be granted for Defendant Counts. *Barfield*, 883 F.2d at 933. *See also Dolihite*, 74 F.3d at 1052.[4]

### B. *Claim against Coffee County*

In addition to bringing suit against Counts, Plaintiff brings a separate § 1983 claim against Coffee County. In *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that local governing bodies can be sued for relief where they have adopted or promulgated a policy or practice that results in the deprivation of constitutional rights. In this action, Plaintiff seeks to hold Coffee County liable for their allegedly inadequate policies and customs concerning medical treatment of inmates/detainees. (*See* Compl., Summary of Claims, ¶ 7 at 2–3, 5–7.) Specifically, Plaintiff contends that Coffee County failed to properly supervise its officers and adopted and tolerated other improper policies and customs by delegating, to their respective sheriffs, policy-making authority relating to the proper operations of the prison facility. (*Id.* at ¶ 7(A)(4), (C)(4) at 3, 6.)

■ As a threshold matter, the court finds that, as a matter of Alabama law, Coffee

---

covery to be had or may make such other order as is just.
Fed.R.Civ.P. 56(f).

In the instant case, Defendants filed their Motions for Summary Judgment on December 8, 1997. On December 10, 1997, Plaintiff was Ordered to file any pleadings and documents or other evidence in response to said motions on or before December 29, 1997. In early January 1998, the court, noting that Plaintiff had to that date filed no response, contacted counsel for Plaintiff and was informed that said counsel was on active military duty. Counsel for Plaintiff alleged that he did not receive the December 10, 1997 Order. Accordingly, the court *sua sponte* extended the deadline for responding to Defendants' Motions for Summary Judgment to January 22, 1998. On January 22, 1998, a notice of appearance on behalf of Plaintiff was filed, along with Motions to Deny Defendants' Motions for Summary Judgment, which the court construes as a response to Defendants' Motions for Summary Judgment. Notably, no Motion was made to stay ruling on the Motions pending discovery.

Furthermore, the court notes that on October 20, 1997, Plaintiff filed a Motion for Continuance based on the fact that counsel for Plaintiff would be going on active duty for the military on October 20, 1997, and needed to find new counsel for the Plaintiff. On October 17, 1997, Defendants filed a Motion for Continuance as well, requesting, among other things, a 90 day extension on the dispositive motion deadline to give Plaintiff

an opportunity to obtain new counsel and submit to requests for discovery. The court denied the Motion for a general continuance, and instead entered an Order extending the deadline for dispositive motions to and including December 8, 1997, and the deadline for discovery to and including February 2, 1998. The court notes that at the time of Plaintiff's Motion for Continuance, the Parties were operating under a Scheduling Order, entered June 20, 1997, in which the deadline for dispositive motions was set for October 23, 1997, and a deadline for completion of discovery of January 7, 1998. The court considers it curious that Counsel for Plaintiff did not file a Motion for a Continuance until the day on which he was scheduled to depart for "active military duty." The court considers it similarly curious that counsel for Plaintiff did not engage in any discovery from June 20, 1997 through October 20, 1997. Based on the foregoing, particularly the numerous extensions granted Plaintiff, the court finds that a *sua sponte* continuance pursuant to Fed.R.Civ.P. 56(f) is unwarranted in this instance. *See Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir.1989).

4. In granting summary judgment on this ground, the court is not unsympathetic to Plaintiff's alleged constitutional deprivations. However, the court is simply unable to find the named Defendant responsible for these alleged deprivations, as stated in Plaintiff's complaint and disputed in Defendants' affidavits.

County has no role under Alabama law in operating, administering or overseeing local jails. Alabama law provides that counties' functions primarily involve construction and maintenance of the county road system, a county courthouse and a county jail. *See* Ala.Code. §§ 11–3–10, 11–3–11, 11–14–10 (1989).[5] It is the sheriff, "who has the legal custody and charge of the jail in his county and all prisoners committed thereto." Ala. Code § 14–6–1 (1995).

In addition, Defendants have submitted the affidavit of Wilson Mobley, the County Administrator of Coffee County, stating that the Coffee County Commission (the governing body of Coffee County) never received any notice concerning any condition which existed with respect to Plaintiff's incarceration or any failure to provide medical treatment to her during her incarceration. (Affidavit of Wilson Mobley ¶ 3.) Mobley further states that, while the Coffee County Commission is responsible for the maintenance of the Coffee County Jail facility, it has no actual or legal authority for the day-to-day operations of the jail or handling of the inmates at the jail. (*Id.* at ¶ 5.) Finally, Mobely states that the Coffee County Commission has never refused to pay the medical bill of any county inmate. (*Id.*) Accordingly, the court finds that Plaintiff's claims against Coffee County for improperly supervising its officers and adopting and tolerating other improper policies and customs resulting in her alleged constitutional deprivations in the Coffee Counts Jail must fail.

Thus, Plaintiff's only remaining claim against Coffee County is one of respondeat superior for the actions of Defendant Sheriff Counts. Because the court finds that Plaintiff fails to establish the requisite casual connection between Counts and her alleged constitutional deprivations, thus failing to establish a claim against Counts, the court need not reach the question of whether the county may be held liable for the acts of the Sheriff. Accordingly, the court finds that summary judgment for Defendant Coffee County is due to be granted.

---

5. "The identification of officials having the authority to exercise final county authority over a particular area is a matter of state law." *Parker*

### *ORDER*

Based on the foregoing, it is hereby CONSIDERED and ORDERED that:

(1) Defendant Coffee County's Motion for Summary Judgement be and the same is hereby GRANTED.

(2) Defendant Mickey Counts' Motion for Summary Judgment be and the same is hereby GRANTED.

(3) Plaintiff's Motion to Deny Summary Judgement of Defendant James M. Counts be and the same is hereby DENIED.

(4) Plaintiff's Motion to Deny Summary Judgment of Defendant Coffee County, Alabama be and the same is hereby DENIED.

*v. Williams,* 862 F.2d 1471, 1478 (11th Cir.1989) (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 126, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)).